UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GHAZY MAHJUB, individually and On behalf of all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) ) | Case No. 16-cv-6574 |
| v. | ) ) | |
| RENT RECOVER OF BETTER NOI, LLC | ) ) ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## **CLASS COMPLAINT**

Plaintiff, Ghazy Mahjub, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges as follows:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **PARTIES**

3. Plaintiff, Ghazy Mahjub ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect an alleged debt resulting from an early termination fee on a residential apartment unit. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

1

4. Defendant, Rent Recover of Better NOI, LLC. ("Rent Recover") is an Illinois limited liability company with its principal place of business at 220 Gerry Dr., Wood Dale, Illinois 60191. It does or transacts business in Illinois. Its registered agent is Joseph S. Messer, who can be found at 166 W. Washington St., Suite 300, Chicago, Illinois 60602. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant Rent Recover is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Rent Recover holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

7. Rent Recover is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant claims that Plaintiff incurred a debt of $500 to Marquette 1401 State St. LLC, allegedly arising out of an early-termination fee for the lease of a residential apartment unit. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

9. Defendant claims that Plaintiff did not pay the alleged debt, and it went into default.

10. On or about October 1, 2015, Rent Recover called Plaintiff in an attempt to collect the alleged debt. Plaintiff denied the validity of the debt and stated that he did not owe it, as he had given proper notice prior to the end of the lease.

11. Rent Recover again called Plaintiff, on or about October 21, 2015 in an attempt to collect the alleged debt, and Plaintiff again asserted that he did not owe it and was not going to pay it.

12. In October 2015 Defendant was aware that Plaintiff disputed the alleged debt and was not going to pay it.

13. On November 3, 2015, Defendant Rent Recover faxed an "Employment Verification Worksheet" to the Human Resources department at Plaintiff's employer. (Exhibit C, Employment Verification Worksheet).

14. Defendant did not have the prior consent of Plaintiff to contact his employer, or any other individual regarding the alleged debt.

15. Defendant did not have the express permission of a court of competent jurisdiction to contact Plaintiff's employer or any other third parties.

16. Defendant was not attempting to effectuate a post judgment judicial remedy when it contacted Plaintiff's employer, as there was no judgment against Plaintiff on the alleged debt.

17. Defendant knew how to contact Plaintiff directly, as it had done so previously multiple times on the telephone, and additionally had his current home address.

18. Because Defendant already had adequate information on how to contact Plaintiff, it had no reasonable need to acquire additional location information on Plaintiff.

19. 15 U.S.C. § 1692c provides:

> **(b) Communication with third parties**
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted**

> **by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**
>
> **15 U.S.C. 1692c(b)**

20. By communicating with a third party for a purpose other than to acquire location information about Plaintiff, and without Plaintiff's consent, Defendant Rent Recover violated 15 U.S.C. § 1692c(b) of the FDCPA.

21. The communication with Plaintiff's employer was made for the purpose of attempting to collect an alleged debt that Plaintiff had already disputed the validity of.

22. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

23. Defendant violated §1692f by using unfair and unconscionable means to collect a debt by repeatedly faxing an "Employment Verification Worksheet", that displayed Defendant's name, "Rent Recover of Better NOI, LLC", to Plaintiff's employer even though Plaintiff had previously disputed it and refused to pay it.

24. Defendant's name makes clear that it is a collection agency, and the information sought in the form, including questions of Plaintiff's salary, position and job title, and whether there were current wage assignments or garnishments, among other things, was clearly intended to apprise Plaintiff's employer that it was an attempt to collect a debt.

25. The Employment Verification Worksheet was signed by "Ashley B., Legal Assistant, Rent Recover, LLC".

26. Defendant's faxing of this form to his employer was meant to coerce Plaintiff into paying a $500 alleged debt that he was not liable for.

27. The communications with Plaintiff's employer were intended to harass and humiliate Plaintiff in an attempt to force Plaintiff to pay a debt he did not owe.

4

28. Defendant suffered actual damages in the form of emotional distress, including but not limited to embarrassment, annoyance, aggravation, and fear that Defendant would continue to pursue the disputed debt through contacting his employer, or others.

29. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FDCPA

30. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

31. Defendant Rent Recover violated 15 U.S.C. §§ 1692c(b) and 1692f by faxing the "Employment Verification Form" to Plaintiff's employer when it had no legal right to do so, and was doing so in an attempt to collect an alleged, and disputed, debt.

32. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## CLASS ALLEGATIONS

33. Plaintiff, Ghazy Mahjub, brings this action individually Plaintiff seeks the approval of the following class: (a) all individuals employed in Illinois, (b) from whom Defendant attempted to collect an alleged delinquent consumer debt (c) who defendant sent a written communication to a third party, (d) in the form of the Employment Verification Form (Exhibit C) that was sent to Plaintiff's employer, (e) when there was no prior consent from the consumer or express permission from a court of component jurisdiction (e) from one year before the date of this Complaint to 21 days after the filing of this complaint.

5

34. Based on information and belief, the Class consists of more than 35 persons from whom Defendant attempted to collect a debt by sending an employment verification form, in the form of Exhibit C, to the employers of the class members.

35. Plaintiff Mahjub's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

37. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ghazy Mahjub, individually and on behalf of all others similarly situated, prays that this Court:

    A.    Certify this action as a class action;

    B.    Appoint Plaintiff Ghazy Mahjub as Class Representative of the Class, and his attorneys as Class Counsel;

    C.    Find that Defendant's collection practices violate the FDCPA;

    D.    Enter judgment in favor of Plaintiff Mahjub and the Class, and against Defendant, for actual damages, statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    E.    Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON FIRM, P.C.
180 W. Washington Street, Suite 400
Chicago, IL 60602
Ph: (312) 300-4167
Fx: (312) 340-5712
Bryan@bryanthompsonlaw.com

## **DOCUMENT PRESERVATION DEMAND**

  Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys
