IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GHAZY MAHJUB, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| | ) 16 C 6574 |
| v. | ) ) Judge John Z. Lee |
| RENT RECOVER OF BETTER NOI, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ghazy Mahjub ("Mahjub") filed this suit on behalf of himself and all others similarly situated, claiming that Defendant Rent Recover of Better NOI, LLC ("Rent Recover") engaged in unlawful debt collection activity in violation of 15 U.S.C. §§ 1692c(b) and 1692f of the Fair Debt Collection Practices Act (FDCPA). Rent Recover now moves to dismiss Mahjub's claims under Federal Rule of Civil Procedure ("Rule") 12(b)(6). At issue are two conflicting definitions of the word "communication" as it appears in §1692a(2) of the FDCPA. Rent Recover advocates for the narrow definition espoused by a divided panel of the Tenth Circuit in *Marx v. General Revenue Corp.*, 668 F.3d 1174 (10th Cir. 2011). Mahjub contends that this construction is too narrow and asks that the Court apply a broader definition of "communication." For the following reasons, the Court concludes that a broader construction more faithfully hews to the language and structure of the FDCPA, and it therefore denies Rent Recover's motion to dismiss [14].

**Background**

This case arises from Rent Recover's efforts to collect an early termination fee from Mahjub, which he allegedly did not pay when he ended his lease of a residential apartment. Compl. ¶¶ 8–9, ECF No. 1. According to Mahjub, Rent Recover first contacted him on October 1, 2015, to collect the alleged debt. *Id.* ¶ 10. Mahjub denied the debt's validity and refused to pay it. *Id.* Rent Recover called again a week later, and Mahjub again denied the debt's validity and refused to pay. *Id.* ¶ 11.

Then, on November 3, 2015, Rent Recover faxed an "Employment Verification Worksheet" to Mahjub's employer.[1] Compl. ¶ 13; *see id.*, Ex. C. Rent Recover's name and contact information are displayed at the top of the form. *Id.*, Ex. C. The form then states Mahjub's name and asks the recipient to provide certain information, including Mahjub's salary and "current [w]age assignments or garnishments." *Id.* The form is signed, "Ashley B. Legal Assistant, Rent Recover LLC." *Id.*

Soon thereafter, Mahjub filed this suit, alleging Rent Recover's conduct violated the FDCPA. He claims that: (1) by seeking information from his employer without his permission, Rent Recover violated § 1692c(b), which generally prohibits debt collectors from communicating with third parties in connection with the collection of a consumer's debt; and (2) by "repeatedly faxing" the form to his

---

[1] This form was attached to Mahjub's complaint and is central to his claims; therefore, the Court may consider it when deciding Rent Recover's motion to dismiss. *Olson v. Bemis Co.*, 800 F.3d 296, 305 (7th Cir. 2015).

employer, Rent Recover used "unfair and unconscionable means to collect or attempt to collect" a debt in violation of § 1692f. *Id.* ¶¶ 20, 23, 31.

## Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## Analysis

### I. Section 1692c(b)

Rent Recover first moves to dismiss Mahjub's claim under § 1692c(b), arguing that Mahjub has failed to allege a "communication" under § 1692a(2), which is a prerequisite for liability under § 1692c(b). Def.'s Mot. Dismiss 3, ECF No. 14. A

"communication" under the FDCPA is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Neither the Supreme Court nor the Seventh Circuit has provided guidance on how this definition should be applied. The Seventh Circuit, however, has stated that the term "communication" should be defined "broadly," *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 916 (7th Cir. 2004), *superseded on other grounds by statute*, 15 U.S.C. § 1692g(d), and has instructed district courts to construe the FDCPA liberally in favor of the consumer, *see generally Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003).

Here, the parties focus on the Tenth Circuit's interpretation of § 1692a(2) in *Marx v. General Revenue Corp.*, 668 F.3d 1174 (10th Cir. 2011), and debate how *Marx* should apply in this case. *See* Mot. Dismiss at 4–5; Pl.'s Resp. Mot. Dismiss at 6–8, ECF No. 21. Although *Marx* is not binding on this Court, *Brodsky v. Humana Dental Ins. Co.*, No. 10 C 3233, 2014 WL 4813147, at *5 (N.D. Ill. Sept. 29, 2014), given Rent Recover's heavy reliance upon *Marx*, the Court will consider the case in some detail.

In what follows, the Court summarizes the Tenth Circuit's analysis of § 1692a(2) in *Marx*. It then critiques the analysis and offers its own interpretation of § 1692a(2). Under this interpretation, the Court concludes that a communication need not expressly or impliedly reveal the existence of a debt to the recipient, as the Tenth Circuit required in *Marx*. Rather, it need only provide to the recipient information that relates to a debt, whether or not the recipient realizes from the

communication that a debt exists. Under this definition, as the Court will explain, Rent Recover's fax in this case was clearly a communication. Finally, the Court will explain that even under the Tenth Circuit's definition in *Marx*, Mahjub's allegations are sufficient to withstand a motion to dismiss.

A. **The Tenth Circuit's Decision in *Marx***

In *Marx*, as in this case, a debt collector contacted Marx's employer by faxing an employment verification form. *Marx*, 668 F.3d at 1176. The form differed in certain respects from that in this case in that it bore only the debt collector's name (General Revenue Corp.) and contact information, as well as an internal account number that the debt collector had assigned to Marx. *Id.* After a trial, the district court concluded that the faxed form could not constitute a communication under § 1692a(2). *Id.*

A divided panel of the Tenth Circuit affirmed, finding the form was not a communication within the meaning of § 1692a(2). *Id.* at 1177. The court's analysis focused on the word "conveying" in § 1692a(2), likening it to "impart" or "make known." *Id.* at 1182. The court therefore reasoned that if a communication must impart information regarding a debt, a communication under the statute "must indicate to the recipient that the message relates to the collection of a debt." *Id.* at 1177, 1182. Because the debt collector's form did not "expressly reference debt" and could not "reasonably be construed to imply a debt," the court held it was not a communication under § 1692a(2).[2] *Id.* at 1177.

---

2  The Tenth Circuit noted that "absent any evidentiary showing that [the plaintiff's] employer either knew or inferred that the facsimile involved a debt, the facsimile does not

5

For her part, Marx argued that this construction was incorrect because it would render a separate provision of the FDCPA, § 1692b(5), superfluous. *See id.* at 1183. The FDCPA prohibits a debt collector from communicating with a third party "in connection with the collection of any debt" except under certain conditions. 15 U.S.C. § 1692c(b). Section 1692b provides a safe harbor from this prohibition where "[a]ny debt collector communicat[es] with any person other than the consumer for the purpose of acquiring location information about the consumer." *Id.* § 1692b. But, even under the safe harbor, a debt collector may "not use any language . . . in the contents of any communication . . . that indicates the debt collector is in the debt collection business or that the communication *relates to the collection of a debt*." *Id.* § 1692b(5) (emphasis added). According to Marx's argument (echoed by the dissent), construing "communication" to mean a communication that "must indicate to the recipient that the message relates to the collection of a debt" renders the language of § 1692b(5) superfluous. *Marx*, 668 F.3d at 1183.

Responding to this argument, the Tenth Circuit conceded "that the plain meaning of the term ["communication"] renders § 1692(b) superfluous." *Id.* at 1185. Nevertheless, the court considered this interpretation of § 1692a(2) to be compelled by the provision's plain, unambiguous meaning *Id.* at 1184–85.

---

satisfy the statutory definition of a 'communication.'" *Id.* at 1177. From statements like this, it is unclear whether the Tenth Circuit was applying a subjective or objective test. *See id.* at 1183 (noting that the plaintiff "was unable to testify that anyone at her office had any idea what the fax concerned"). What is clear is that the Tenth Circuit viewed the inquiry from the eyes of the employer, as opposed to the sender.

6

Finally, the court's conclusion was bolstered by its view of the purposes of the FDCPA. It stated:

> Here . . . we have a single fax, innocuous, nondescript, and harmless, which GRC sent only to gather information needed to weigh a statutory right of garnishment. The ban on communicating with third parties like employers is meant to protect debtors from harassment, embarrassment, loss of job, denial of promotion. Ms. Marx, by contrast, was unable to testify that anyone at her office had any idea what the fax concerned.

*Id.* at 1183.

Judge Lucero dissented. In his view, the panel's interpretation of § 1692a(2) added a new element to Congress's intended definition of "communication." Instead of requiring only that information regarding a debt be conveyed, the panel's interpretation introduced an additional requirement that a communication "indicate to the recipient of the correspondence that the message relates to the collection of a debt." *Id.* at 1185 (Lucero, J., dissenting). This additional element, Judge Lucero maintained, was not required by the plain meaning of § 1692a(2). Instead, he argued that "information regarding a debt" should be construed more broadly to include the account number that the debt collector assigned to the matter internally. *Id.* "Just as a bank account number is information regarding a bank account, a debt collection agency account number is information regarding a debt," he reasoned. *Id.* Based on this interpretation of "communication," Judge Lucero found the panel's sidestep of the superfluity problem presented by § 1692b(5) to be unconvincing. *Id.* at 1186–87. This was bolstered by his own view of the FDCPA's purpose—to protect consumers from abusive debt collection practices—which in

7

turn required that § 1692a(2) be interpreted broadly in favor of consumers. *Id.* at 1185–86.[3]

## B. Critique of *Marx*

After careful consideration, the Court is not persuaded by the reasoning of the majority in *Marx*. In addition to the cogent arguments presented by Judge Lucero's dissent, the decision in *Marx* suffers from two interpretive problems.

First, in considering the definition of "communication" set forth in § 1692a(2)—"conveying of information regarding a debt directly or indirectly to any person through any medium"—the Tenth Circuit interprets "conveying" to mean to "impart" or "make known." *Marx*, 668 F.3d at 1182 (majority opinion). From this, the Tenth Circuit reasons that a "communication" must be something that "indicate[s] to the recipient that the message relates to the collection of a debt." *Id.* at 1177. But the word "convey" could also have the broader meanings "to transfer" or "to deliver." *See Convey*, *Black's Law Dictionary* (10th ed. 2014) (defining "convey" as "[t]o transfer or deliver (something, such as a right or property) to another"); *Moore v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, No. 05-3282, 2006 WL 1806195, at *7 (C.D. Ill. June 29, 2006) (suggesting "convey" could mean

---

[3] Relying in large part on *Marx*, the Sixth Circuit has also determined that § 1692a(2)'s definition of a communication requires that a contact "tend to make the listener better informed about the existence or state of [a consumer's] debt." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015). It bears noting, however, that the Sixth Circuit panel in *Brown* included Judge Gilman, who had sat by designation on the Tenth Circuit in *Marx*. *Id.* at 744 n.2. Additionally, like the Tenth Circuit, the three judges of the Sixth Circuit were also divided. Judge Donald dissented on much the same grounds as Judge Lucero, arguing that a case reference number left by a debt collector in a voicemail could constitute a communication under § 1692a(2). *Id.* at 746–47 (Donald, J., dissenting).

8

"transfer" or "deliver" in the context of § 1692a(2)).  Read in this light, "convey" can mean simply "to provide" information, regardless of how that information is interpreted by the recipient, and nothing in the plain language of § 1692a(2) requires that the recipient of a "communication" have reason to know that it relates to a debt.  As such, reference to dictionary definitions is inconclusive, and the meaning of "communication" is not as "unambiguous" as the *Marx* court would have it.  *See Marx*, 668 F.3d at 1184.

Where, as here, the "ordinary meaning" of a statutory term is unclear, "the meaning of a word that appears ambiguous if viewed in isolation [will] become clear when the word is analyzed in light of the terms that surround it." *Trustees of Chi. Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Leaseway Trans. Corp.*, 76 F.3d 824, 828 (7th Cir. 1996) (alteration in original) (internal quotation marks and citation omitted).  This is because "statutory interpretation is a holistic endeavor and, at a minimum, must account for the statute's full text, language as well as punctuation, structure, and subject matter." *Id.* (internal quotation marks and citation omitted).  As a result, to properly discern the meaning of "communication," the Court must consider the context in which the term is used in the statute.  *See id.* at 828 n.4 ("[T]he relative order of the common dictionary definitions of a single term does little to clarify that term's meaning within a particular context. When a word has multiple definitions, usage determines its meaning."); *see also United States v. Miscellaneous Firearms, Explosives, Destructive Devices & Ammunition*, 376 F.3d 709, 712 (7th Cir. 2004) ("In

9

determining whether the meaning of statutory language is plain or ambiguous, we look to the specific language at issue, the context in which the language is used, and the broader context of the statute as a whole.").

The statutory context does not support the Tenth Circuit's narrow reading of "communication." First, as Judge Lucero aptly noted, "the majority's construction renders § 1692b(5) superfluous." *Marx*, 668 F.3d at 1186 (Lucero, J., dissenting); *see Jabateh v. Lynch*, 845 F.3d 332, 344 (7th Cir. 2017) (stating that two "key principles of statutory interpretation" are "first, avoid interpretations that reduce some statutory terms to surplusage . . . , and second, interpret statutory language with an eye toward its broader statutory context and purpose").

Second, by holding that a "communication" denotes an action that "must indicate to the recipient that the message relates to the collection of a debt," the *Marx* court fails to adequately take into account the words that follow "conveying," namely, "information regarding a debt." For even under the definition of "conveying" adopted by the Tenth Circuit (i.e., "to impart" or "to make known," *Marx*, 668 F.3d at 1182 (majority opinion)), "to impart information regarding a debt" says nothing about whether the recipient of the information must understand that the debt itself exists.

Indeed, any attorney who has drafted a contract or discovery request would understand that the phrase "information regarding a debt" is exceedingly broad, and "information regarding a debt" is not *a priori* equivalent to "information that a

10

debt exists." *See Brown*, 804 F.3d at 746 (Donald, J., dissenting) (construing "regarding" in § 1692a(2) as merely "relating to").[4]

### C. The Court's Definition of "Communication"

In the Court's view, the better interpretation of § 1692a(2)'s definition of "communication" is that a communication must, at minimum, transfer or deliver to a recipient facts that relate to a debt. Not only does this broader interpretation avoid the pitfalls discussed above and provide at least the equivalent amount of protection to debtors from harassment, embarrassment, and adverse employment actions, but it better comports with other provisions of the FDCPA. For example, § 1692e(11) contains a general prohibition on the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(11). It then lists specific conduct that violates the section, including "[t]he failure to disclose in [an] initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *Id.* § 1692e(11). If every communication under the FDCPA must directly or indirectly establish in the recipient's mind the existence of a debt—as the Tenth Circuit held in *Marx*—then

---

[4] Furthermore, focusing on the understanding of the recipient of information to determine whether a "communication" took place would lead to an odd result. *See Brown*, 804 F.3d at 746. Here, the person who received the letter only need search Google for "Rent Recover of Better NOI, LLC" to understand that the letter related to the debt collection activities. *See* https://www.betternoi.com/rent-recover/. Yet, if the person did not bother to perform such a search and was not otherwise familiar with Rent Recover's business, the letter might not qualify as a "communication" under the FDCPA.

11

there would be little reason to impose an affirmative duty on debt collectors to inform consumers that they are attempting to collect a debt.

Additionally, other provisions of the FDCPA impose certain requirements circumscribing communications made "in connection with the collection of any debt." *Id.* §§ 1692c(a)–(b), 1692g(a). But, again, if every communication must at least impart upon the recipient knowledge about the existence of a debt, the requirement that a communication be made "in connection with the collection of any debt" has little bite. And this would be an odd result, given the significant amount of case law (at least in the Seventh Circuit) on the question of when a communication is made "in connection with the collection of any debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384–86 (7th Cir. 2010); *see also Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 WL 4264967, at *5–6 (N.D. Ill. Aug. 11, 2016).[5]

Finally, the Court recognizes that there is some disagreement as to whether voicemails requesting a return call and even unanswered calls qualify as "communications" under § 1692a(2). *Compare West v. Nationwide Credit, Inc.*, 998 F. Supp. 642, 644–45 (W.D.N.C. 1998) (holding that a debt collector's call to the plaintiff's neighbor, in which the debt collector identified himself, informed the neighbor that he was calling about a "very important" matter, and requested that

---

[5] It should be noted that Rent Recover did not rest its motion to dismiss on the argument that its communication was not made "in connection with the collection of a debt." *See* Mot. Dismiss at 3–5.

12

the plaintiff call him back, was a communication), *with Zortman v. J.C. Christensen & Assocs., Inc.*, 870 F. Supp. 2d 694, 703–08 (D. Minn. 2012) (surveying cases discussing such contacts at length and concluding "a message that conveys no more information than a hang-up call [should] not be construed a third-party communication"). The differing results in these cases hinge on the scope of the word "regarding" as it appears in § 1692a(2), as well as when information regarding a debt can be said to be conveyed "indirectly." *See, e.g.*, *Zortman*, 870 F. Supp. 2d at 703 (opining that "it is virtually impossible to use a telephone without revealing directly or indirectly that a debt collector is calling"); *Berg v. Merchants Ass'n Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340–41 (S.D. Fla. 2008) ("Courts generally consider pre-recorded messages and voicemail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding."). The Court need not interject itself into that debate because, however broadly "regarding" or "indirectly" is defined, it is clear that the information in the faxed form sent by Rent Recover in this case would constitute "information regarding a debt" under § 1692a(2). *See, e.g.*, *Jackson v. Eltman, Eltman & Cooper, P.C.*, 128 F. Supp. 3d 980, 985 (E.D. Mich. 2015) (finding that a fax sent to an employer seeking employment information and including the word "collection" conveyed information regarding an employee's debt).

### D. Rent Recover's Faxed Form Is Nevertheless a Plausible "Communication" Under *Marx*

Even under *Marx*'s interpretation of § 1692a(2), however, Rent Recover's faxed form is plausibly a communication because the form could be reasonably

13

construed as implying the existence of a debt. Here, Rent Recover's name is listed at the very top of the form. This name might reasonably imply just what it says: that Rent Recover is in the business of recovering unpaid rent. *See Marx*, 668 F.3d at 1177 (acknowledging that if the debt collector's "name had somehow disclosed the nature of its business, the case would be different"). Accordingly, when all of the allegations are taken as true and all reasonable inferences weighed in Mahjub's favor, it is certainly plausible that the recipient of a fax from Rent Recover would conclude that its purpose was to recover unpaid rent from an indebted renter, thereby satisfying *Marx*'s standard for a communication under § 1692a(2). Granted, Rent Recover's name might also imply its involvement in some other business, such as investigating individuals seeking to rent. But here, unlike in *Marx,* which was decided after a trial, the governing standard is only whether Mahjub states a plausible claim for relief.

Additionally, the form requests information on Mahjub's salary, wage assignments, and garnishments, and it is signed by a legal assistant. These facts in isolation might not raise the specter of a debt. But taken together with Rent Recover's name, it is plausible that the recipient would assume that Rent Recover was seeking information related to a debt owed by Mahjub. *Cf. Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) (commenting on the implications of the title of "attorney" in a different FDCPA context).

For these reasons, the Court finds that, even under *Marx*, Mahjub plausibly stated that Rent Recover communicated with his employer under § 1692a(2) to survive a motion to dismiss.

## II. Section 1692f Claim and Request for Fees

Rent Recover's motion raises two additional issues that can be dealt with briefly. First, Rent Recover argues that Mahjub's claim under § 1692f should be dismissed for the same reason discussed above. Mot. Dismiss at 5. Not only has the Court concluded, however, that Rent Recover's faxed form is plausibly a communication, but § 1692f does not require a "communication" in the first place. 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2011 WL 3176453, at *4 (S.D. Cal. July 26, 2011) (holding that § 1692f does not require a "communication").

Rent Recover has also asked the Court to award it fees and costs under § 1692k(a)(3), claiming that the FDCPA claim is "brought in bad faith and for the purpose of harassment." But based on the foregoing analysis, the Court concludes that this is not such a case.

**<u>Conclusion</u>**

For the foregoing reasons, Rent Recover's motion to dismiss [14] is denied.


**IT IS SO ORDERED.**          **ENTERED    3/9/17**

_____

**John Z. Lee
United States District Judge**